UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN MARSHALL PITTS, | Case No. 2:22-cv-1713-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Glenn Marshall Pitts ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff was not disabled under Title II of the Social Security Act. ECF No. 16. The Commissioner filed a Cross-Motion to Affirm (ECF No. 20) and Plaintiff filed a Reply. ECF No. 22.

## I. BACKGROUND

Plaintiff filed an application for disability insurance benefits on June 18, 2019, alleging disability beginning on December 28, 2018. Administrative Record ("AR") 187-88. The Social Security Administration denied Plaintiff's application initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). AR 71-81, 83-98, 118-19. The ALJ held Plaintiff's hearing in April 2021. AR 44-70. Plaintiff was represented by counsel, and vocational and medical experts testified at the hearing. AR 45, 57-69. In July 2021, the ALJ issued a decision finding Plaintiff not disabled from his alleged onset date through the date of the decision. AR 23-36. Plaintiff requested review of the ALJ's decision (AR 181-82), but the Appeals Council denied his request in August 2022. AR 1-6. Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, -- U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III.   ESTABLISHING DISABILITY UNDER THE ACT.

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

## IV.   THE SUMMARY OF ALJ'S DECISION

The ALJ applied the five-step sequential analysis pursuant to 20 C.F.R. § 404.1520 and determined Plaintiff was insured for disability insurance benefits through December 31, 2020. AR 24-25. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 28, 2018, his alleged disability onset date (step one). AR 26. The ALJ concluded Plaintiff had severe impairments of lumbar spondylosis; osteoarthritis of the bilateral hips; cervical myofascial pain

syndrome; chronic pain syndrome; supraspinatus syndrome left shoulder; obesity; chronic heart failure with history of heart transplant; cardiomyopathy; hypertension; and history of gastric bypass with malabsorption (step 2). AR 26-27. The ALJ then concluded Plaintiff's impairments did not meet or equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three). AR 27-28. The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: he could (a) stand or walk 4 hours in an 8-hour workday; (b) frequently reach with the left upper extremity; (c) never climb ladders, ropes, or scaffolds; (d) occasionally climb ramps and stairs, crawl, stoop, kneel, and crouch; (e) never work safely around extraordinary hazards such as unprotected heights or dangerous machinery with exposed moving parts or that require agility to evade; (f) tolerate no more than occasional exposure to extreme heat and extreme cold; and (g) frequently talk in the workplace.[1] AR 28-33. The ALJ concluded Plaintiff could not perform his past relevant work as a sales representative for tobacco products and smoking supplies, gambling monitor, or salesperson for general merchandise (step four). AR 33. However, the ALJ determined Plaintiff could adjust to alternative work as a bench assembler, inspector and hand packager, and children's attendant, and therefore concluded Plaintiff was not disabled on that basis (step five). AR 34-35.

V.  **DISCUSSION**

   A.  <u>Parties Arguments</u>.

Plaintiff argues the ALJ failed to articulate clear and convincing reasons for rejecting his testimony. Specifically, Plaintiff contends the ALJ erred when she (1) determined Plaintiff received conversative treatment; (2) found Plaintiff experienced improvements despite evidence that he only received temporary relief from treatments, had good and bad days, symptoms worsened with activity, and, collectively, the improvements did not result in Plaintiff's sustained ability to work; and, (3) concluded objective and clinical findings were limited to tenderness and decreased range of motion. Plaintiff also says the ALJ erred when she considered Plaintiff's daily activities and

---

[1] The RFC is the most a claimant can still do in a work setting despite impairment related limitations and is based on all the evidence in the record. 20 C.F.R. § 404.1545(a)(1).

multiple, lengthy, international trips when finding he was not disabled. Plaintiff asks the Court to apply the "credit-as-true" test and award Plaintiff benefits.[2]

The Commissioner argues it is legally erroneous to find Plaintiff disabled solely based on his subjective complaints. The Commissioner says the medical evidence supports the finding that Plaintiff did not have disabling physical symptoms. Relying on medical findings, the Commissioner submits Plaintiff did not have disabling pain, but instead suffered primarily from tenderness and decreased range of motion. The Commissioner contends testing on which Plaintiff relies was "provocative," meaning these tests were meant to stress Plaintiff and replicate symptoms. The Commissioner repeats Plaintiff's cardiac findings, substantial physical impairment treatment, and use of prescription medication all supporting the conclusion that Plaintiff experienced significant symptom relief. The Commissioner points to medical expert Dr. Subramanian Krishnamurthi, and prior administrative findings by Drs. Jon Arrow and L. Kiger all of whom found Plaintiff had the capacity to perform light work with certain restrictions. The Commissioner says Plaintiff did not challenge the findings of these doctors. The Commissioner argues Plaintiff's daily activities and numerous lengthy international trips (a 22 day cruise in early 2020, a month long trip to Dubai and South Africa in February 2020, a trip throughout South America and Chile in December 2019, a trip to Asia, and a trip to Singapore and Hong Kong in March 2019) are inconsistent with a disability finding. In closing, the Commissioner outlines the three part credit-as-true test and correctly cites law stating even if all three elements are met a court may still remand a case for further proceedings when the record as a whole creates serious doubt that Plaintiff is disabled. The Commissioner, at best, asks for remand for further proceedings because there is serious doubt that Plaintiff is disabled, but concludes the record reflects the ALJ's conclusion was correct and, therefore, her decision should be affirmed.

In his Reply, Plaintiff contends the Commissioner's characterization of his treatment as conservative is wrong under Ninth Circuit precedent. Plaintiff says case law recognizes symptoms

---

[2] It is worth noting that Plaintiff does not mention the opinion of his treating physician in his opening brief except to say he told his physician he was traveling to southeast Asia with his cousin. ECF No. 16 at 7, 17. Plaintiff also does not mention the medical opinions offered by Drs. Subramanian Krishnamurthi, Arrow or Kriger. *Id.* generally. Plaintiff does not rely on or discuss his cardiac condition as a basis for the ALJ's error. *Id.*

come and go, the ALJ's reason for finding that Plaintiff experienced symptom improvement is not supported by substantial evidence, argues Plaintiff's treating physician said Plaintiff could only work four hours a day and would be absent four days per month, and objective medical testing the ALJ rejects is exactly the kind of evidence preferred under the law. With respect to Plaintiff's daily activities, Plaintiff argues these do not translate into the work environment and that he did not engage in significant physical activities when traveling. Plaintiff says even if the medical opinions relied on by the ALJ rise to the level of substantial evidence, the ALJ's opinion must be reversed because the ALJ did not articulate clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff concludes he should be awarded benefits or, alternatively, the case must be remanded for further proceedings.

   B.  <u>Analysis</u>.

  Congress expressly prohibited granting disability benefits based on a claimant's subjective complaints. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); *see also* 20 C.F.R. § 404.1529(a) (an ALJ will consider all of a claimant's statements about symptoms including pain, but statements about pain or other symptoms "will not alone establish" a claimant's disability). An "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). When a plaintiff provides objective medical evidence of an underlying impairment that could reasonably produce his alleged subjective symptoms, an ALJ will evaluate the intensity and persistence of those symptoms to determine how they limit the plaintiff's ability to work. 20 C.F.R. § 404.1529(c)(1). Through that evaluation the ALJ will determine whether and the extent to which the plaintiff's statements are consistent with (1) the objective medical evidence and (2) the other evidence in the record. 20 C.F.R. § 404.1529(c)(2)-(3); Social Security Ruling 16-3p, 2016 WL 1119029. The ALJ may conclude that a plaintiff's subjective symptoms limit his capacity to work only if those alleged symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4). "[I]t is the ALJ's prerogative" to analyze whether and to what extent a plaintiff's symptom statements are consistent with the record as a whole

and, for this reason, the role of "a reviewing court is limited." *Molina v. Astrue*, 674 F.3d 1104, 1120-21 (9th Cir. 2012). If an ALJ "show[s] his work" and his rationale for discounting a plaintiff's symptoms reports are "clear enough that it has the power to convince," the ALJ's decision should be affirmed even if the reviewing court would have decided the issue differently. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022); *see also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (an ALJ does not need to "perform a line-by-line exegesis of [a] claimant's testimony," or "draft dissertations when denying benefits"); *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

However, an ALJ cannot reject a claimant's subjective complaints based solely on objective medical evidence. 20 C.F.R. § 404.1529(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases."). An ALJ must engage in a two-step analysis when considering whether a plaintiff's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d at 1112 (internal quotation marks omitted). "The … [plaintiff] is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citations and internal quote marks omitted). Second, "[i]f the [plaintiff] meets the first test and there is no evidence of malingering, the ALJ can only reject the [plaintiff's] testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154,1163 (9th Cir. 2014) (internal citation and quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

undermines the [plaintiff's] complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the plaintiff's] testimony."). Further, "[w]hile an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his symptoms, but Plaintiff's statements regarding "the intensity, persistence and limited effects of these symptoms … [were] not entirely consistent with the medical evidence and other evidence in the record …." AR 29. After making this statement, the ALJ found Plaintiff's treatment history supports his ability to work within the RFC because the treatment was "conservative." *Id*. With respect to this finding, "this Court, and courts in the Ninth Circuit generally, have rejected contentions that trigger point injections combined with pain medication constitute more than conservative treatment." *Hebert v. Kijakazi*, Case No. 2:22-cv-01614-NJK, 2023 WL 2238849, at *4 (D. Nev. Feb. 27, 2023) (citing *e.g.*, *Bartlett v. Kijakazi*, 2022 WL 2274558, *4 (D. Nev. 2022)). *See also Zaldana v. Colvin*, Case No. CV 13-7820 RNB, 2014 WL 4929023, at *2 (C.D. Cal. Oct. 1, 2014). In contrast several courts, including the Ninth Circuit, have expressed doubt that treatment for pain through injections is, in fact, conservative. *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014) (expressing "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"); *Oldham v. Astrue*, Case No. CV 09-1431-JEM, 2010 WL 2850770, at *9 (C.D. Cal. 2010) (noting that injections are "performed in operation-like settings" and finding they are not a form of conservative treatment); *Tagle v. Astrue*, Case No. CV-11-7093-SP, 2012 WL 4364242 at *4 (C.D. Cal. Sept. 21, 2012) ("While physical therapy and pain medication are conservative, epidural and trigger point injections are not").

Recognizing the unresolved issue of law regarding whether injections with narcotic medication is or is not conservative treatment, the ALJ's conclusion is nonetheless supported by the

record and based on proper standards. The ALJ provides several clear and convincing reasons for partially discrediting Plaintiff's testimony with respect to pain and its severity.

Although the ALJ discusses relief received from numerous injections and ablations, but does not specifically mention that some relief was short term as stated by Plaintiff in his testimony (AR 29-30, 49-50), the ALJ did recognize Plaintiff's testimony "that every day was different for him." AR at 29. The ALJ also noted Plaintiff's ability to care for himself, clean his room, go to the post office, and shop for groceries (although needing assistance with heavy items). *Id*. The ALJ discusses Plaintiff's numerous, lengthy out of country trips and cruises, recognizing Plaintiff stated he needed help with luggage. *Id*. at 29-30.[3]

The ALJ also reviewed objective medical reports including x-rays and MRIs that support Plaintiff's allegations of pain, but found his clinical signs were typically limited to tenderness and decreased motion range. *See* AR 30 citing the entirety of medical records found in Exhibits 6F and 18F (6F comprised of Custom Physical Therapy records for August 26, 2019 through November 14, 2019 (AR 1199-1289); 18F comprised of the records from Sweetwater Pain and Spine for the period December 7, 2018 through January 15, 2021(AR 1702-1933)).[4] The ALJ also noted Plaintiff's medical records reflect Percocet provides relief from pain. AR at 30 *citing* AR 1718 (a November 19, 2020 medical report stating Plaintiff's "pain complaints are more tolerable with the aid of Percocet, which he takes as prescribed. He does not endorse any complications with his medications."); *see also* AR at 1725, 1729, 1740 (same).

It is only after all of this discussion, review, and recognition of numerous ailments from which Plaintiff suffers, including but not limited to cervical myofascial pain syndrome and chronic pain syndrome, that the ALJ concluded the medical evidence and other evidence is not entirely consistent with Plaintiff's testimony about the severity of his symptoms. *Id*. at 29-30. The Court

---

[3] The Court notes that even if these numerous and lengthy trips do not necessarily show Plaintiff could work, they support the ALJ's finding that the severity of the limitations described by Plaintiff were not fully credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009).

[4] Plaintiff cites to numerous pages of the Administrative Record to support his argument of "abnormal findings" (ECF No. 16 at 14:20-22). However, the Court's review of these pages shows that other than "TTP" (tenderness to palpitations), the records repeatedly state Plaintiff's "range of motion is full and pain free" and major muscle groups normal and symmetric strength. *See* AR at 1795, 1893, 1809, 1815, 1821, 1842-43, 1861,1876, 1873, 1881, 1894-95, 1906-07, 1912.

therefore finds that even if Plaintiff's treatment with injections, ablation, and use of Percocet is something more than conservative, the results of Plaintiff's treatment comports with the ALJ's review of the record and conclusion that Plaintiff could perform work within the RFC. A person does not have to be symptom free to be able to work. *Leon v. Kijakazi*, Case No. 22-cv-00456-VCF, 2023 WL 3412782, at *6 (D. Nev. May 11, 2023) *citing Fair*, 885 F.2d at 603. The Court is reminded that when the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed. *Smartt*, 53 F.4th at 49 (internal citation omitted).

The ALJ's reasons for discounting Plaintiff's testimony regarding the severity and limitations of his pain is supported by a thorough review and analysis of the records. The ALJ's determination that Plaintiff is able to perform work within the RFC designed for him is supported by clear and convincing reasons and reasoning. The Court may not reweigh the evidence. *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987). Again, even if the evidence is susceptible to more than one reasonable interpretation, the ALJ's decision must be upheld.

Because the Court finds the ALJ provided legally sufficient reasons for her conclusions, and there are no outstanding issues that need to be resolved before a determination of disability can be made, the Court finds the credit-as-true test, explained in *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-1101 (9th Cir. 2014), does not require an award of benefits. That is, even if the record would support crediting Plaintiff's testimony as true, the ALJ would not be required to find Plaintiff disabled. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The record as a whole does not support a finding that Plaintiff is, in fact, disabled. *Garrison*, 759 F.3d at 1012.

**VI.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 28th day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE